UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION** at **LEXINGTON**

| | |
|---|---|
| CARLOS RAMIREZ, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 10-112-JMH |
| ) | |
| v. ) | |
| ) | |
| DR. HUNGNESS, et al., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | |

\*\*\*\*    \*\*\*\*    \*\*\*\*    \*\*\*\*

Plaintiff Carlos Ramirez is an inmate incarcerated at the Federal Medical Center in Lexington, Kentucky. Ramirez has filed a *pro se* civil rights action under the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [R. 2] The Court has granted Ramirez's motion [R. 3] to pay the $350 filing fee in installments pursuant to 28 U.S.C. § 1915 by prior Order. [R. 9] Having reviewed the Complaint,[1] the Court must dismiss it because Ramirez's Complaint and supporting documents establish that he failed to exhaust his administrative remedies prior to filing suit as required by federal law.

---

[1] The Court conducts a preliminary review of civil rights complaints. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). Because the plaintiff is not represented by an attorney, the complaint is reviewed under a more lenient standard. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). At this stage the Court accepts the plaintiff's factual allegations as true and his legal claims are liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action (a) is frivolous or malicious, or (b) fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

In his Complaint, Ramirez alleges that on December 4, 2009, during a meeting of inmates participating in the Bureau of Prisons' ("BOP") Residential Drug Abuse Program ("RDAP"), Defendant Green announced that inmates would not be permitted to speak Spanish. It is unclear from Ramirez's Complaint whether this prohibition was applied only during RDAP meetings or at all subsequent times at the prison. Ramirez contends that this action violates his right to freedom of speech under the First Amendment; his right to due process of law under the Fifth and Fourteenth Amendments; constitutes cruel and unusual punishment under the Eighth Amendment; and violates the BOP's internal regulations prohibiting staff from discriminating between or against inmates under BOP Program Statement 551.90. [R. 2] Ramirez alleges that he filed a grievance with the warden regarding the incident on January 25, 2010, but that the grievance was rejected as untimely.[2] Ramirez seeks nominal and punitive damages.

The Court first considers Ramirez's motion seeking the appointment of counsel to represent him in these proceedings, in which he indicates that he lacks the financial resources to employ counsel and the capacity to adequately prosecute his claims on his

---

[2] Ramirez has filed a motion to submit exhibits in further support of his Complaint. [R. 6] Attached to the motion are copies of five grievances that Ramirez filed with the warden, the Mid-Atlantic Regional Office, and the Central Office of Inmate Appeals from January 25, 2010 to April 4, 2010. [R. 6-1] Ramirez indicates that all of the grievances were rejected by the BOP. [R. 6 at pgs. 1-2]. The Court will grant the motion and the tendered documents shall be considered part of the record herein.

own behalf. [R. 7] However, the Court will appoint counsel to represent a party under 28 U.S.C. § 1915(e) only where the case presents particularly unusual or complex factual and legal issues. *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993). The claims in this case do not present such extraordinary circumstances, and therefore the Court will deny the motion.

With regard to Ramirez's claim regarding the prohibition against speaking in Spanish, the Court does not reach the merits of the claim, as the record establishes that Ramirez failed to properly exhaust his administrative remedies. Federal law requires a prisoner challenging prison conditions pursuant to 42 U.S.C. § 1983, *Bivens*, or other federal law to exhaust all available administrative remedies before filing suit in federal court. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Wyatt v. Leonard*, 193 F.3d 876, 877-78 (6th Cir. 1999).

In his Complaint and supporting materials, Ramirez expressly indicates that his first effort to file a grievance with the prison regarding the actions of RDAP staff prohibiting speaking in Spanish was to file a Form BP-229 with the warden on January 25, 2010. BOP regulations, however, require such a grievance to be filed within twenty days of the event complained of. 28 C.F.R. § 542.14(a). Because the conduct complained of occurred on December 4, 2009, the warden properly rejected the grievance as untimely filed. *Brockett v. Parks*, 48 F. App'x 539, 540 (6th Cir. 2002). Because Ramirez did not then, and cannot now, exhaust his administrative remedies

in "compliance with an agency's deadlines and other critical procedural rules," *Woodford v. Ngo*, 548 U.S. 81, 86 (2006), he cannot properly exhaust his administrative remedies, and this claim must be dismissed with prejudice. *Davis v. United States*, 272 F. App'x 863, 865-66 (11th Cir. 2008) ("Because § 542.14(a) requires both the informal and the formal request to be made within twenty days of the alleged deliberate indifference, Davis's request for an administrative remedy was untimely. Therefore, the district court properly dismissed Davis's Eighth Amendment claim for failure to exhaust."); *Lock v. Nash*, 150 F. App'x 157, 158 (3d Cir. 2005).

Finally, Ramirez has filed a motion to amend his Complaint. [R. 8] The tendered amended complaint seeks to add seven additional defendants based upon events occurring after he filed his original complaint in this action, and include allegations that: (1) BOP staff failed to adhere to certain internal regulations after he was charged with a disciplinary infraction and placed in segregation pending a disciplinary hearing; (2) the Disciplinary Hearing Officer's decision finding him guilty of the offense and ordering the loss of good conduct time violated his constitutional rights; and (3) various staff failed to properly process several additional grievances. The Court has previously treated such supplemental materials as an amended Complaint under Federal Rule of Civil Procedure 15(a). [R. 4, 5] While generally leave to amend a complaint should be freely given, *Clayton v. U.S. Dept. of Justice*, 136 F. App'x 840 (814 (6th Cir. 2002), such

amendment is not warranted when the new claims to be added would necessarily fail as a matter of law. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). Where, as here, the events giving rise to the newly-asserted claims occurred **after** the filing of the original complaint, Ramirez cannot - by definition - satisfy his obligation under federal law to have exhausted his administrative remedies with respect to such claims **before** filing the Complaint. The Court need not permit the amendment of his Complaint to include additional claims which would be subject to immediate dismissal for failure to exhaust administrative remedies, and his motion must therefore be denied.

Accordingly, **IT IS ORDERED** that:

1. Ramirez's "Motion and/or Petition to Submit Exhibits in Support of this Civil Action." [R. 6] is **GRANTED**. The tendered exhibits shall be considered a part of the record herein.

2. Plaintiff's motion for the appointment of counsel [R. 7] is **DENIED**.

3. Plaintiff's motion to amend his Complaint [R. 8] is **DENIED**.

4. Plaintiff's Complaint [R. 2] is **DISMISSED WITH PREJUDICE**.

5. The Court will enter an appropriate Judgment.

This the 6th day of May, 2010.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge